# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **SHERRY JONES,** | ) |
| | ) |
| **Claimant,** | ) |
| | ) |
| vs. | ) Case No. CV-11-S-3772-NE |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner, Social Security** | ) |
| **Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Claimant, Sherry Jones, commenced this action on October 28, 2011, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability, disability insurance, and supplemental security income benefits. The case currently is before the court on claimant's motion to remand[1] and amended motion to remand.[2] In both motions, claimant seeks remand of this case to the Commissioner for consideration of additional evidence that was not produced at any stage of the administrative proceedings. The additional evidence proffered by claimant includes the following: (1) treatment records from the UAB/Kirklin Clinic Division of Cardiovascular

---

[1] Doc. no. 9.

[2] Doc. no. 12.

Disease, dated June 9, 2009 through September 29, 2009, and March 29, 2011 through October 6, 2011; lumbar and thoracic spine MRI results dated March 29, 2011;[3] and records from Alabama Psychiatric Services dated September 3, 2008 through February 12, 2009.[4]

Claimant's motions to remand should be considered under "Sentence Six" of 42 U.S.C. § 405(g), which states that:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g).

"Sentence six remands are 'available when evidence not presented to the Commissioner at any stage of the administrative process requires further review.'"

---

[3] Doc. no. 9, at Exhibit B.
[4] Doc. no. 12, at Exhibit A.

*Poellnitz v. Astrue,* 349 F. App'x 500, 504 (11th Cir. 2009) (quoting *Ingram v. Commissioner of Social Security Administration,* 496 F.3d 1253, 1267 (11th Cir. 2007)).

> To be entitled to remand to the Commissioner, the claimant must show that (1) new, non-cumulative evidence exists; (2) the evidence is material such that a reasonable possibility exists that the new evidence would change the administrative result; and (3) good cause exists for the claimant's failure to submit the evidence at the appropriate administrative level. *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986). However, "not every discovery of new evidence, even if relevant and probative, will justify a remand to the [Commissioner], for some evidence is of limited value and insufficient to justify the administrative costs and delay of a new hearing." *Id*. at 876 (internal quotation marks omitted). Accordingly, sentence six encompasses only those instances in which "the district court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding." *Ingram*, 496 F.3d at 1267 (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 626, 110 S. Ct. 2658, 2664, 110 L. Ed.2d 563 (1990)).

*Carson v. Commissioner of Social Security,* 373 F. App'x 986, 988 (11th Cir. 2010) (bracketed alteration supplied).[5]

The court will begin by addressing the good cause element. The Commissioner does not dispute that there is good cause for claimant's failure to submit the UAB/Kirklin Clinic records dated September 27, 2011 and October 6, 2011, because those records "did not exist when Plaintiff requested review of the ALJ's hearing

---

[5] In contrast, remand is appropriate pursuant to Sentence Four of § 405(g) for consideration of evidence presented to, and considered by, the Appeals Council during the administrative proceedings. *Smith v. Astrue,* 272 F. App'x 789, 802 (11th Cir. 2008). A claimant does not have to satisfy the good cause requirement in order to obtain a remand pursuant to Sentence Four. *Id.*

3

decision, and therefore could not have been submitted to the Appeals Council."[6] *See Cherry v. Heckler,* 760 F.2d 1186, 1192 (11th Cir. 1985) ("Good cause for failing to present evidence earlier may exist where, as here, the evidence did not exist at the time of the administrative proceeding.") (citation omitted).

The court does not understand claimant's argument that good cause existed for her failure to submit the MRI results and the remainder of the UAB/Kirklin Clinic records. Claimant states:

> The evidence submitted in support of Ms. Jones' motion concerns two issues central to her disability claim. First, the evidence shows further treatment for her pulmonary arterial hypertension. In addition, Ms. Jones' previous attorney referred to a letter by Dr. Tallaj dated August 19, 2009 to support his question to the vocational expert. (Tr. 60-61). However, the letter referred to by Ms. Jones['] attorney was not in the administrative record. In addition, as alluded to previously, the ALJ found Ms. Jones' back pain a non-severe condition (Tr. 18). The ALJ's decision put at issue the lack of objective evidence supporting Ms. Jones' claim. Therefore[,] Ms. Jones' evidence has proven good cause to remand her claim to the administrative level of review.[7]

Claimant appears to simply be reiterating her argument that the proposed new evidence is material to her claim. Materiality is not the same thing as good cause. As claimant has failed to establish good cause for her failure to submit her March 29, 2011 MRI results and all of her UAB/Kirklin Clinic records dating before September 27, 2011, remand for further consideration of those items of evidence will not be

---

[6] Doc. no. 11 (Commissioner's brief in opposition to motion to remand), at 6 n.1.

[7] Doc. no. 9, at 7 (bracketed alterations supplied).

allowed.

Claimant asserts that good cause exists for her failure to earlier submit the records from Alabama Psychiatric Services because the ALJ should have requested those records during the course of the administrative proceedings. It is true that the ALJ "has an obligation to develop a full and fair record, even if the claimant is represented by counsel." *Nation v. Barnhart,* 153 F. App'x 597, 598 (11th Cir. 2005) (citing *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir. 1981)). Even so, a claimant bears the ultimate burden of producing evidence to support her disability claim. *See Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. §§ 416.912(a), (c)). There is no indication here that the burden of producing evidence to support claimant's alleged mental impairments should have been shifted to the Commissioner. There also is no indication that claimant did not have sufficient opportunity to present those records to the ALJ or the Appeals Council. As claimant has failed to establish good cause for her failure to submit the records from Alabama Psychiatric Services during the administrative proceedings, remand for further consideration of those items of evidence will not be allowed.

The only remaining items of proposed new evidence are the September 27, 2011 and October 6, 2011 records from UAB/Kirklin Clinic Division of Cardiovascular Disease. On September 27, 20111, Dr. Melissa Smallfield noted that

claimant suffered from exercise-induced pulmonary hypertension, the symptoms of which had recently been exacerbated by an upper respiratory infection. Claimant's breathing had improved after her recovery from the infection. She did not have chest pain, but she did have some dyspnea on exertion at about one block. Claimant informed Dr. Smallfield that her other physicians had recommended surgery to relieve her back pain, and Dr. Smallfield advised claimant that she should undergo some testing prior to surgery to ensure that her pulmonary artery pressures would be at a safe level. Clinical examination revealed bilateral wheezing and squeaks in claimant's lungs. Dr. Smallfield recommended that claimant continue a high-potassium diet, but she did not make any changes to claimant's medication regimen. Claimant was advised to return to the clinic in six months, or sooner if needed.[8]

On October 6, 2011, Dr. Smallfield wrote the following "To Whom It May Concern" letter:

> Ms. Jones has been our patient since April of 2004. Ms. Jones suffers from a devastating disease called pulmonary arterial hypertension, likely familial. She is currently stable on medical therapy; however, this is a progressive and often lethal disease. She is quite limited and not physically able to do community service given her cardipulmonary condition.[9]

Neither of these items of evidence can be considered "material," as no

---

[8] Doc. no. 9-2, at 3-5.
[9] *Id.* at 2.

reasonable possibility exists that the new evidence would change the administrative result. The ALJ identified pulmonary hypertension as one of claimant's severe impairments, and he discussed claimant's pulmonary symptoms at length in his administrative decision. The September 27, 2011 treatment notes from UAB/Kirklin Clinic do not reveal that claimant's symptoms had worsened since they were considered by the ALJ, and, importantly, the notes do not support a greater level of functional limitation than that assessed by the ALJ.

Dr. Smallfield's October 6 letter also does not indicate a disabling level of impairment. Claimant's diagnosis of pulmonary arterial hypertension cannot itself support a finding of disability. Instead, the relevant consideration is the effect of that impairment on claimant's ability to perform substantial gainful work activities. *See* 20 C.F.R. § 404.1505 (defining a disability as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). *See also Bowen v. Yuckert,* 482 U.S. 137, 146 (1987) ("The [Social Security] Act 'defines "disability" in terms of the effect a physical or mental impairment has on a person's ability to function in the workplace.'") (quoting *Heckler v. Campbell,* 461 U.S. 458, 459-60 (1983)). Furthermore, Dr. Smallfield's conclusory statement that claimant is "quite

limited" carries little weight. The ALJ is not required to accept a conclusory statement from a medical source, even a treating source, that a claimant is unable to work, because the decision whether a claimant is disabled is not a medical opinion, but is a decision "reserved to the Commissioner." 20 C.F.R. § 416.927(e). Finally, Dr. Smallfield's statements about claimant's inability to do community service are simply irrelevant. There is no way of discerning what community service Dr. Smallfield was referencing, and it is highly unlikely that the standards for participation in any type of community service are the same as those employed by the Commissioner in determining disability status.

In summary, claimant has failed to establish all the requirements for remand for consideration of new evidence pursuant to Sentence Six of 42 U.S.C. § 405(g). Accordingly, her motion to remand and amended motion to remand both are DENIED. In accordance with the order entered on March 26, 2012, claimant's opening brief is due within thirty (30) days of the date of this order. Defendant's brief is due thirty (30) days after claimant's opening brief. Claimant's reply brief is due fourteen (14) days after defendant's brief.

DONE this 30th day of August, 2012.

_____
United States District Judge